UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

    Plaintiff,

v.

UNITED STATES, et al.,

    Defendants.

No. 2:18-cv-1719 CKD P

ORDER

Plaintiff is a California prisoner proceeding pro se with a civil action. On July 31, 2018, the court denied plaintiff's request to proceed in forma pauperis because plaintiff has "struck out" pursuant to 28 U.S.C. § 1915(g)[1] and plaintiff failed to point to facts in his complaint which adequately demonstrate he was under imminent danger of serious physical injury at the time he filed his complaint. See id; Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (court may permit plaintiff to proceed in forma pauperis in spite of a finding that he has "struck out" if he alleges he is in imminent danger of serious physical injury at the time of the filing of the complaint).

Plaintiff has filed a document titled "motion for reconsideration." However, in the document he agrees that he did not adequately allege imminent danger of serious physical injury

---

[1] See 2:17-cv-2041 KJM AC, ECF No. 14.

1

1  in his original complaint. Rather, he seeks leave to amend and has submitted a proposed
2  amended complaint.
3  The court has reviewed the amended complaint and finds that it still does not adequately
4  demonstrate plaintiff was under imminent danger of serious physical injury at the time he filed his
5  complaint. As the court has previously explained, to meet his burden under § 1915(g) to
6  adequately allege "imminent danger of serious physical injury," plaintiff must provide "specific
7  fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the
8  likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.
9  2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado,
10 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available
11 "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."
12 Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).
13 The only place in plaintiff's amended complaint where he comes close to providing the
14 requisite level of specificity and plausibility for establishing "imminent danger of serious physical
15 injury" is in paragraph 6 on page 5. However, the allegations therein concern matters occurring
16 after plaintiff filed his complaint.
17 Also, while not entirely clear, it appears plaintiff seeks an order directing the F.B.I. to
18 investigate certain conditions of confinement pertaining to plaintiff (without providing any
19 adequate basis for issuance of such an order). Plaintiff does not seek an order which directly
20 addresses conditions of confinement themselves which goes against the spirit of permitting
21 "struck out" inmates to proceed if a state of emergency or near emergency exists.
22 While Rule 15(a)(2) of the Federal Rules of Civil Procedure permits the court to grant
23 leave to amend as "justice so requires," granting leave to amend here would be futile.
24 /////
25 /////
26 /////
27 /////
28 /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to file an amended complaint is denied (ECF No. 7); and

2. Plaintiff is granted 14 days within which to submit the $400 filing fee for this action. Failure to do so will result in a recommendation that this action be dismissed.

Dated: August 27, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brow1719.so(2)