UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-1719 CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with a civil action. On July 31, 2018, the court denied plaintiff's request to proceed in forma pauperis because plaintiff has "struck out" pursuant to 28 U.S.C. § 1915(g) and plaintiff failed to point to facts in his complaint which adequately demonstrate he was under imminent danger of serious physical injury at the time he filed his complaint. See id; Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (court may permit plaintiff to proceed in forma pauperis in spite of a finding that he has "struck out" if he alleges he is in imminent danger of serious physical injury at the time of the filing of the complaint).

On August 27, 2018, the court denied plaintiff's request for leave to file an amended complaint. Specifically, the court held as follows:

> The court has reviewed the amended complaint and finds that it still does not adequately demonstrate plaintiff was under imminent danger of serious physical injury at the time he filed his complaint.

1

As the court has previously explained, to meet his burden under § 1915(g) to adequately allege "imminent danger of serious physical injury," plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The only place in plaintiff's amended complaint where he comes close to providing the requisite level of specificity and plausibility for establishing "imminent danger of serious physical injury" is in paragraph 6 on page 5. However, the allegations therein concern matters occurring after plaintiff filed his complaint.

Also, while not entirely clear, it appears plaintiff seeks an order directing the F.B.I. to investigate certain conditions of confinement pertaining to plaintiff (without providing any adequate basis for issuance of such an order). Plaintiff does not seek an order which directly addresses conditions of confinement themselves which goes against the spirit of permitting "struck out" inmates to proceed if a state of emergency or near emergency exists.

While Rule 15(a)(2) of the Federal Rules of Civil Procedure permits the court to grant leave to amend as "justice so requires," granting leave to amend here would be futile.

On September 6, 2018, plaintiff filed a motion seeking leave to file a second amended complaint in order to attempt to plead "imminent danger of serious physical injury." However, plaintiff still fails to point to anything suggesting this would not be an "exercise in futility." Accordingly, plaintiff's request will be denied. Plaintiff is informed that to the extent he has a good faith belief that he is currently under "imminent danger of serious physical injury" and wishes to assert a claim which directly concerns that danger, nothing in this action precludes plaintiff from bringing another.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion for leave to file a second amended complaint (ECF No. 10) is denied.

Dated: September 14, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/brow1719.so(2)